IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and<br>NOKIA TECHNOLOGIES OY,<br><br>            Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC. and<br>AMAZON.COM SERVICES, LLC,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 23-1232 (GBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' LETTER TO THE HONORABLE GREGORY B. WILLIAMS
IN RESPONSE TO THE COURT'S MAY 16, 2024 ORDER (D.I. 28)**

OF COUNSEL:

J. David Hadden
Saina S. Shamilov
Ravi R. Ranganath
Allen Wang
Vigen Salmastlian
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Todd R. Gregorian
Ethan M. Thomas
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
(415) 875-2300

May 30, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Defendants Amazon.com, Inc.
and Amazon.com Services, LLC*

Dear Judge Williams:

In response to the Court's May 16, 2024 Order (D.I. 28), Amazon identifies the following cases most similar to the patents challenged in its pending motion to dismiss under § 101 (D.I. 18):

**U.S. Patent No. 7,480,254**: In *Two-Way Media v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017), the Federal Circuit invalidated claims requiring routing data to users based on an information selection signal, which the court held directed to the abstract idea of data manipulation. *Id.* at 1337-38. The court noted the challenged claims recited nothing more than conventional computer and network components operating in their ordinary way. The '254 patent similarly claims the idea of routing of messages to a registered address using identifiers, and recites only conventional computing components and concepts for implementing this idea.

**U.S. Patent No. 8,918,741**: In *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1378 (Fed. Cir. 2022), the Federal Circuit invalidated claims relating to a display with selectable elements that present certain data to the user. *Id.* at 1378. The court held the claims directed to the abstract idea of limiting and coordinating the display of information based on a user selection, implemented using "result-based" limitations. The '741 patent likewise claims the result of presenting data to a user—display of an object related to an application on a device in locked mode—and claims no new or specific technology for implementing this idea.

**U.S. Patent No. 8,996,693**: In *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016), the Federal Circuit invalidated claims related to real-time performance monitoring by collecting data from multiple sources, and analyzing the data. *Id.* The Federal Circuit held the claims abstract and invalid because they recited only the "process of gathering and analyzing information of a specified content, then displaying the results" without requiring a "new source or type of information or new techniques for analyzing it." *Id.* at 1354-55. The '693 patent similarly claims the idea of generic processing of data—separately processing real-time and historical data—but claims only functions rather than any inventive technological solution for doing so.

**U.S. Patent No. 9,473,602**: In *Yu v. Apple Inc.*, 1 F.4th 1040, 1042-46 (Fed. Cir. 2021), the Federal Circuit invalidated claims requiring an arrangement of physical components (lenses) of a camera in order to improve image quality. *Id.* The Federal Circuit held the claims abstract because they recited "only conventional components," that "perform only their basic functions." *Id.* at 1043. The '602 patent likewise claims a high-level arrangement of physical components, but provides no technical detail for achieving the claimed benefit of reduced thickness of a mobile phone.

**U.S. Patent No. 7,724,818**: In *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016), the Federal Circuit invalidated claims related to recording images, transmitting them with "classification information," extracting the information, and storing them based on the information. *Id.* at 610. The court held the claims directed to the abstract idea of "classifying an image and storing the image based on its classification." *Id.* at 611. The '818 patent similarly claims the idea of defining and using image parameters for classifying images.

                            Respectfully,

                            */s/ Jeremy A. Tigan*

                            Jeremy A. Tigan (#5239)

JAT:lo
cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)